UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | No. CIV-25-27-R |
| ) | |
| **CARRIE BRIDGES,** ) | |
| ) | |
| **Respondent.** ) | |

# ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin [Doc. No. 57]. Judge Erwin recommends denial of Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docs. No. 1, 20] challenging his conviction for Murder in the First Degree After Two or More Prior Felony Convictions in the District Court of Custer County, Oklahoma. Petitioner Dennis Ray Rigsby, Jr., a prisoner proceeding *pro se*, filed an Objection [Doc. No. 58] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. §§ 636(b)(1).

## LEGAL STANDARD

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de

1

novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A petitioner waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds *pro se*, the Court will construe his objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

## DISCUSSION

### I.   Ground One

Petitioner's first ground for relief is that admission at trial of a certain recorded phone call deprived him of a fair jury trial because it was highly prejudicial and irrelevant evidence under OKLA. STAT. tit. 12 §§ 2401-03.[1] Doc. No. 20 at p. 5. Judge Erwin denied Ground One because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court

---

[1] Petitioner does not cite to these statutes in his Petition but these are the statutes upon which Petitioner based his arguments on direct appeal and on which the Oklahoma Court of Criminal Appeals based its ruling for this claim. [*See* Doc. No. 1-1 at p. 55; Doc. No. 38-1 at p. 7; Doc. No. 38-2 at p. 15].

is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

At no point during his appeal or petition did Petitioner argue admission of the recording violated a federal right or law. However, § 2402, one of the statutes discussed on direct appeal, states: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States." In his Objection, Defendant argues the Court's failure to grant him a new jury trial violates its bound duty to obey Article VI of the U.S. Constitution. Doc. No. 58 at p. 2. Article VI states that the United States Constitution "shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby."

Construed liberally, this could be seen as a specific objection to Judge Erwin's findings that Ground One improperly called upon this court to reexamine a solely state law issue. However, habeas applicants should "include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle [them] to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). "Otherwise, 'every erroneous decision by a state court on state law would come [to federal court] as a federal constitutional question.'" *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) (quoting *Gryger v. Burke*, 334 U.S. 728, 731 (1948)).

Petitioner's blanket statement that his constitutional rights and Article VI have been violated does not "draw enough connection" between any specific federal right and his claim for relief. *See Gryger*, 334 U.S. at 731 (stating mere attachment of a due process label to a state law claim "cannot transform [it] into a federal one") (citations omitted).

3

For this reason, the Court finds Petitioner did not object to Judge Irwin's findings on this claim on any specific grounds. Even if Petitioner did, the Court agrees with Judge Irwin that Ground One alleges only errors of state law and thus cannot be reviewed by this Court. Accordingly, this Court adopts the Report & Recommendation as to Ground I.

II.    **Grounds Two through Sixteen**

Judge Erwin denied Ground Two because he found Petitioner failed to rebut the decision by the Oklahoma Court of Criminal Appeals that his counsel's conduct was neither deficient nor prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984). As to Grounds Three through Sixteen, Judge Erwin found OKLA. STAT. tit. 22 § 1086 procedurally barred Petitioner's claims, and such procedural default cannot be excused because Petitioner has failed to show cause and prejudice or a miscarriage of justice.

Petitioner's objections, even liberally construed, do not specifically respond to any portion of the Report and Recommendation on Grounds Two through Sixteen. Petitioner has therefore waived review of these issues. *2121 E. 30th St.*, 73 F.3d at 1060.[2] In any event, after reviewing the Report and Recommendation and the record, the Court fully concurs with Judge Erwin's recommendation on the latter fifteen grounds.[3]

The Court therefore fully ADOPTS the Report and Recommendation. Doc. No. 57. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is DENIED. Doc. No. 20.

---

[2] While there is an interest of justice exception to the firm waiver rule, *2121 E. 30th St.*, 73 F.3d at 1060, the Court finds no basis for its application here.

[3] As recommended by Judge Erwin, the Court does not construe Grounds 17 and 18 as actual grounds seeking habeas relief. *See* Doc. No. 57 at p. 5 n.1.

4

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant for habeas relief. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case and a COA is therefore denied.

IT IS SO ORDERED this 30th day of September, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE